Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael Manning, Esq. (State Bar No. 286879)
Phillip B. Nghiem, Esq. (State Bar No. 291525)
**MANNING LAW OFFICE**
**A PROFESSIONAL CORPORATION**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

Attorneys for Plaintiff MICHAEL G. DAVIDSON, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL G. DAVIDSON, an individual,<br><br>          Plaintiff,<br><br>               v.<br><br>MANUFACTURERS and TRADERS TRUST COMPANY, d/b/a M&T BANK, a New York Corporation; and BAYVIEW LOAN SERVICING LLC, a Delaware Limited Liability Corporation;<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **BREACH OF CONTRACT**<br>2. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br>3. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT**<br>4. **VIOLATIONS OF THE TRUTH IN LENDING ACT ("TILA")**<br>5. **VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")**<br>6. **DEMAND FOR ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL G. DAVIDSON ("Plaintiff") brings this action against

Defendants, Manufacturers and Traders Trust Company d/b/a M&T Bank and

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

Bayview Loan Servicing, LLC (collectively referred to as "Defendants"), and allege, on information and belief (except as to those allegations relating to Plaintiff, which are asserted on personal knowledge), as follows:

## INTRODUCTION

1. This case challenges Defendants' outrageous conduct in servicing the home loan of Plaintiff Michael G. Davidson.

2. Because Plaintiff lost his job he fell behind on his mortgage. Defendants offered Plaintiff a permanent loan modification which he timely accepted.

3. Defendants have accepted payments on the modified mortgage for several months but misapplied his funds and treated the loan as if it were in default.

4. This action seeks actual and statutory damages for unfair debt collection and unlawfully unfair and bad faith conduct in the handling of Plaintiff's loan.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

6. Personal and subject matter jurisdiction is conferred on this Court pursuant to the provisions of Section 84(c)(2) of Title 28 of the United States Code and Section 1331 of Title 28 of the United States Code because this proceeding arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), the

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

2

Truth in Lending Act, 15 U.S.C. §§ 11601, *et seq.* ("TILA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

7. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. Venue and jurisdiction are proper in this District pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this District, the property that is the subject of this action is situated in this District, and a substantial part of the events or omissions complained of occurred in this District.

## **PARTIES**

9. At all times mentioned herein, Plaintiff MICHAEL G. DAVIDSON is an individual who resides in the County of Orange, State of California.

10. Plaintiff is a natural person who residing in the County of Orange, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

12. Plaintiff is a "borrower" within the meaning of 12 U.S.C.A. § 2605 of a federally regulated loan which is secured by a 1- to 4–family residential property as

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

3

defined by 12 C.F.R. § 1024.5(a)-(b).

13. Plaintiff is a "borrower" within the meaning of 12 U.S.C.A. § 2605 of a federally regulated loan which is secured by a 1-to 4–family residential property as defined by 12 C.F.R. § 1024.5(a)-(b) because Plaintiff's Loan was originated by non-party Washington Mutual Bank, FA, who was a Federal Savings Bank, as described in the Deed of Trust securing the Subject Property, dated October 5, 2006, and signed by Plaintiff. (See **Exhibit A**-Plaintiff's Deed of Trust secured by the Subject Property).

14. Defendant MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK ("M&T" or "Defendant M&T" hereinafter), is a New York Corporation engaged in servicing federally related mortgage loans secured by real property throughout the United States and the State of California. Among other business activities, M&T acts as a mortgage servicer managing and administering mortgage loans on behalf of mortgage investors who participate in the secondary mortgage market. M&T is subject to specific federal laws and administrative regulations governing its mortgage servicing activities. These laws include, but are not limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (hereinafter RESPA) and implementing Regulation X, (12 C.F.R. Part 1024), hereinafter "Regulation X," as well as the Truth in Lending Act and implementing Regulation Z, (12 C.F.R. Part 1026) hereinafter "TILA."

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

15. Defendant BAYVIEW LOAN SERVICING LLC ("Bayview" or Defendant Bayview" hereinafter), is a Delaware Limited Liability Corporation doing business in the State of California. Bayview has entered into an arrangement with M&T Bank to perform servicing functions in connection with a number of mortgage loans, including Plaintiff's mortgage loan.

16. Defendants were the agents, servants, partners, representatives, and/or employees of co-Defendants, and in engaging in the actions mentioned below, were, unless otherwise alleged, acting in concert with and within the course and scope of their authority as such agent, servant, partner, representative, and/or employee with the permission and consent of co-Defendants.

17. Any allegations about acts of any corporate or other business Defendants means that the corporation or other business did these alleges acts through its officers, directors, agents, representatives, and/or employee, while they were acting within the actual or ostensible scope of their authority.

18. Defendant Bayview is operating from the City of Coral Springs, County of Broward, State of Florida, and doing business in the State of California as the agent or subservicer of M&T.

19. Defendant M&T is a company operating from the City of New York, County of New York, State of New York, doing business in the State of California, by and through its agent and/or "subservicer" Bayview.

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

5

20. Defendant M&T, as the principal of Defendant Bayview, conducted business from the City of Coral Springs, County of Broward, State of Florida in the State of California.

21. Defendants did not originate Plaintiff's mortgage loan account and at the time the mortgage loan was assigned to Defendant M&T and Bayview for servicing, Plaintiff's mortgage loan account was in default. As such, Defendants qualify as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

22. Defendants are "servicers" as defined under RESPA 12 U.S.C.A. § 2605(i)(2), "master servicers" and/ or "subservicers" as defined by 12 C.F.R. § 1024.33, and Defendants are in the business of servicing loans across the country, including in the State of California.

23. Plaintiff is informed and believes, and upon such information and belief alleges Defendants service over 5,000 residential mortgage loans, including Plaintiff's.

24. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b). Additionally, Defendants activities went beyond the scope of the ordinary foreclosure process since they engaged in debt collection activities. As such, Defendants are "debt collectors" as that term is defined by California Civil Code

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

§ 1788.2(c). Because this case involves a residential mortgage loan, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL BACKGROUND

### Plaintiff's Pursuit of Foreclosure Prevention Alternatives

25. The Property is Plaintiff's principal residence, is owner-occupied and is a 1-to 4-family residential property.

26. In 2006, Plaintiff entered into a written loan agreement and obtained a mortgage loan through Washington Mutual, FSB, in the amount of $533,000 (the "Loan"), secured by the Property through a Deed of Trust (recorded on October 12, 2006), then and now the principal residence of Plaintiff. (See **Exhibit A-**"Plaintiff's Deed of Trust secured by the Subject Property").

27. Thereafter, JP Morgan Chase N.A. ("Chase" hereinafter) was assigned and/or purchased the Loan and serviced it until on or about November 2013, when Defendants acquired the servicing rights.

28. Plaintiff performed dutifully under the Loan, until late 2009 when he fell behind on his mortgage payments. He applied to his mortgage servicer, Chase, for a mortgage modification in 2010.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

29. During the application process, Chase recorded a notice of trustee sale, prompting Plaintiff to retain counsel to challenge the propriety of the non-judicial foreclosure of his home.  Plaintiff and Chase eventually entered into a confidential settlement.

30. On or about November 2013, M&T Bank and Bayview acquired Plaintiff's Loan from Chase and since that time, Defendants have acted as the servicer, master servicer, and/or subservicer of Plaintiff's Loan.

## JP Morgan Chase Bank, N.A.'s Release of Plaintiff's Second Mortgage Secured by the Property in 2013

31. In connection with a settlement it reached with the federal government, Chase notified Plaintiff on January 30, 2013 that it was cancelling the entire amount owed on his second mortgage with Chase. (**Exhibit B-**"Letter from Chase waiving Plaintiff's Obligation under the Second Mortgage").

32. As part of the settlement, Chase also recorded a Full Reconveyance and Notice of Release of Obligation. (**Exhibit C-**"Chase's Full Reconveyance and Notice of Release of Obligation").

## Defendants' Servicing and Acquisition of Plaintiff's Loan

33. On October 31, 2013, Chase notified Plaintiff that **M&T** would begin servicing Plaintiff's loan effective November 16, 2013.  Chase's "Servicing Transfer Letter" is attached hereto as **Exhibit D**.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

34. Confusingly, Plaintiff subsequently received a letter from M&T dated November 18, 2013, (**Exhibit E**) stating that Chase assigned Plaintiff's loan to **Bayview Loan Servicing LLC** as of November 16, 2013, but M&T would be responsible for servicing the loan.  Adding to this quagmire, Chase recorded a "California Assignment of Deed of Trust" on January 3, 2014, purporting to grant, sell, assign, transfer and convey the Deed of Trust, dated October 5, 2006, to Bayview.

35. On December 6, 2013, (attached hereto as **Exhibit F**), M&T sent Plaintiff a letter advising that while M&T was responsible for servicing his loan, he should contact Bayview regarding loss mitigation options.

### Plaintiff's Performance Under the Trial Payment Plan Offered by Defendants

36. By letter dated September 19, 2014, Bayview, on behalf of M&T, offered Plaintiff a trial mortgage modification or trial period plan ("TPP" hereinafter) set to run from November 1, 2014, to January 1, 2015, which required three monthly TPP payments of $2,014.30.  Plaintiff timely made all three monthly TPP payments.

### Plaintiff Accepted Defendants' Offer for a Permanent Loan Modification

37. Bayview offered Plaintiff a Permanent Loan Modification in January 2015.  The cover letter of the package of modification documents explains the terms and conditions of the modification.  A true and correct copy of the Permanent Loan

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Modification Letter with the Loan modification documents, dated January 21, 2015, is attached hereto as **Exhibit G** (hereinafter the "Modification Agreement").

38. Included with the modification papers was a document titled "Return Instructions." Below the title is a condition stating that "MODIFICATION AGREEMENT IS CONTINGENT ON RESOLVING PENDING LIEN AND OR SUBORDINATION ATTACHED TO YOUR PROPERTY." This contingency was satisfied when Chase agreed to release its subordinate lien in 2013.

39. The letter also refers to the Modification Agreement. The Modification Agreement states that the first monthly payment was due February 1, 2015. The Modification Agreement reduces the interest rate to 2.0% and extends the term to forty years, making the new maturity date of the loan January 1, 2055. The new principal and interest payments are $1,610.23 per month; and with escrow included, the fully monthly payment starts at $2,014.73.

40. Plaintiff accepted Bayview's Permanent Loan Modification offer, extended by Bayview on behalf of M&T, by signing and notarizing the Modification Agreement, timely returning the signed documents to Bayview, and by making the required payments to M&T, under the modified mortgage. The Modification Agreement alters the terms of the mortgage for the remaining life of the loan.

41. Plaintiff made his first payment on his modified loan of $2,014.73 on January 29, 2015 to M&T at the designated address for receiving monthly mortgage payments.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

M&T accepted the payment and deposited the funds. However, M&T failed to properly credit Plaintiff's monthly payments in accordance with the new terms of the loan.

## Defendants' Failure to Update Plaintiff's Loan to Reflect the Terms of the Loan Modification

42. Despite Plaintiff's payment and performance under the Loan Modification and Chase's releasing its lien against the Property, Bayview sent Plaintiff a letter dated March 5, 2015, threatening to terminate the "Trial Period Plan" unless Chase's lien is satisfied or agrees to subordinate it.

43. On March 26, 2015, Plaintiff's counsel faxed a letter to Bayview notifying it that Chase released its lien in January of 2013.

44. Bayview's failure to respond prompted counsel to send a "Notice of Error" ("NOE") pursuant to 12 C.F.R. § 1024.35(b)(7)(11), dated June 19, 2015.

45. Bayview acknowledged receipt of the NOE in a letter dated July 1, 2015, and responded in a letter dated August 3, 2015, explaining that its letter requesting proof or subordination or satisfaction of Chase's lien should be disregarded. More importantly, the August 3, 2015, letter stated that "[t]he permanent loan modification, effective February 1, 2015, was fully converted on April 22, 2015."

46. On July 31, 2015, Plaintiff's counsel sent Bayview another NOE by certified mail (Certified Mail Number 7015 0640 0003 4818 0962), to Bayview's designated

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

mailing address to dispute fees erroneously assessed to his loan.  A true and correct copy of this NOE with the USPS.com tracking information sheet is attached hereto as **Exhibit H**).

47. In the July NOE, Plaintiff challenged the "Miscellaneous Fee" of $63.50.

48. Under 12 C.F.R. Section 1024.35(d), a mortgage servicer has five days (excluding legal public holidays, Saturdays, and Sundays) to acknowledge Plaintiff's NOEs, in writing, and within thirty days (excluding legal public holidays, Saturdays, and Sundays) to investigate the errors asserted, correct the errors, and provide Plaintiff with a written response detailing the results of its investigation.

49. However, Bayview failed to timely acknowledge receipt of the July 31, 2015, NOE and respond within 30 days (excluding legal public holidays, Saturdays, and Sundays).

50. Bayview finally replied on September 11, 2015.  Bayview denied that any error occurred stating that "[a]fter review, [Bayview] confirms all corporate advances and fees for this account were assessed in accordance with all applicable guidelines and have been deemed appropriate. All charges and fees assessed after the modification were attributed to litigation." (Attached hereto as **Exhibit I** Bayview's Response to Plaintiff's NOE.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

51. Had Bayview conducted a reasonable investigation, it would have discovered that Plaintiff was not in active litigation with any entity, let alone Bayview and that the "Miscellaneous Fee" was incorrect.

52. Getting nowhere with Bayview, Plaintiff's counsel sent a NOE via Certified Mail (Certified Mail tracking number 7015 0640 0003 4818 0979) on July 31, 2015 to M&T to dispute the "Miscellaneous Fee." (a true and correct copy of the July 31, 2015, NOE is attached hereto as **Exhibit J)**.

53. The July NOE was sent to the M&T's mailing address designated for NOEs: M&T Bank, P.O. Box 62986, Baltimore, MD 21264-2986.  Despite receiving the NOE, M&T failed to acknowledge receipt and respond.

54. Despite Plaintiff's months of timely payments on his modified loan, Defendants treated the loan as if it were in default.

55. Plaintiff's June 2015 mortgage statement states that he was over $8,000 in arrears on his loan and that his "account is currently in foreclosure."

56. Plaintiff made every payment Defendants demanded of him since January 2015. He has timely made every payment under the permanent modification he entered into in January 2015, and should be current on his loan.  Instead of bringing his loan current, Defendants have unlawfully misapplied Plaintiff's payments (e.g. Plaintiff's March 2015 payment was not credited to his loan until October 2015),

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

1    assessed various fees, including but not limited to default-related penalties,

2    attorney's fees, and property inspection fees.

3  57. Plaintiff has received and continues to receive default notices from Defendants.

4

5    Additionally, Defendants furnishes credit information on its customers to the three

6    national credit reporting agencies, Experian, Equifax, and Trans Union, LLC

7    ("CRAs").

8

9  58. As of July 30, 2015, rather than reporting Plaintiff was making payments as

10    agreed, Defendants reported to the three credit reporting agencies that Plaintiff

11

12    was increasingly late on his mortgage payments.  From January 2015, when

13    Plaintiff became current on his mortgage, to the present, Defendants reported him

14    as being seriously delinquent on his mortgage.

15

16  59. As such, on August 26, 2015, Plaintiff's counsel sent another NOE to M&T via

17    certified mail (Certified Mail Number, 7015 0640 0001 9814 5098) (The NOE and

18    the USPS.com tracking information is attached hereto as **Exhibit K**). The August

19

20    26, 2015 NOE disputed the trade lines reflecting Plaintiff's loan was in default.

21  60. Defendant M&T received the NOE on September 1, 2015 but failed to timely

22    acknowledge receipt of the NOE and did not respond within the legally prescribed

23

24    time frame.  In its letter, M&T contended that it had accurately reported Plaintiff's

25    loan to the credit agencies.  To support its position, M&T attached a transaction

26

27    history which failed to accurately reflect Plaintiff's March 2015 payment.

28

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

61. Finally recognizing that an error occurred, Bayview sent Plaintiff a letter dated October 14, 2015, advising Plaintiff that his March 2015 payment was credited to his loan account on October 13, 2015.  Included with this letter was a transaction history showing various default-related penalties, for which Bayview demanded immediate payment.

62. Defendants' failure to provide written acknowledgement of the NOEs and to timely investigate and correct the errors amounts to a pattern and practice of non-compliance with Regulation X (*See* 12 C.F.R. § 1024.35; *also see* 12 U.S.C.A. § 2605).

63. As a result of Defendants' perpetual harassment, Defendants' breaching their obligations to Plaintiff under the Agreement, illegally treating his loan as if it is in default, and their failure to investigate the errors asserted in Plaintiff's NOEs within the mandatory timeframe, and either correct the errors or provide a written explanation for why corrections are unnecessary, Plaintiff has suffered, and continues to suffer emotional distress and fears that Defendants will make good on their threat and foreclose on his home.

64. Defendants' outrageous conduct in treating the loan as in default and threatening to foreclose on the home while Plaintiff is current on his mortgage has frustrated Plaintiff's effort to rebuild his life and overcome his financial plight that began in

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

2009 and ultimately led Plaintiff to initiate this action to prevent Defendants from moving forward with foreclosure proceedings.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

## (AS TO ALL DEFENDANTS)

65. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff has a valid contract with Defendants to modify his mortgage as of February 1, 2015, once he accepted by signing and notarizing the modification offer, returning it as instructed, and performing by making payments under the modification.

67. Plaintiff performed all conditions precedent to the contract.  In the alternative, Defendants waived any conditions precedent by accepting performance under the contract in the form of monthly payments.

68. Plaintiff performed the obligations under the loan modification agreement.  He fully performed his obligations by signing, notarizing, and returning the loan modification agreement, and making timely monthly payments in the amount required under the modification.

69. The modification agreement obligated Defendants to bring the loan current, to accept payments as timely, and to credit them accordingly.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

70. Plaintiff received the fully executed loan modification agreement on May 14, 2015, signed by Mark Churchill, on behalf of M&T Bank, by its Attorney in Fact, Bayview Loan Servicing, LLC. The fully executed loan modification agreement was dated and notarized by Defendants' agent, Mark Churchill on or about May 5, 2015, attached hereto and incorporated by reference as though set forth in full as **Exhibit L** ("Fully Executed Loan Modification Agreement").

71. Defendants breached the loan modification agreement by failing to bring the loan current, and by failing to properly credit Plaintiff's payments. Defendants further breached the modification agreement by attempting to collect and collecting amounts that were not due and owing under the modification agreement, including, without limitation, past due payments, interest, late fees, attorneys fees, and other default-related fees. Defendants also breached the Modification Agreement by charactering the loan as in default and threatening nonjudicial foreclosure proceedings.

72. Defendants' breach of the Modification Agreement has caused Plaintiff damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (AS TO ALL DEFENDANTS)

73. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

though fully set forth herein.

74. 15 U.S.C. § 1692e prohibits a debt collector from making false, abusive, or deceptive representations in connection with the collection of a consumer debt.

75. Beginning on or about February 1, 2015, and continuing to the present, Defendants have engaged in the following conduct in violation of 15 U.S.C. § 1692e:

    a. Defendants, in the course of debt collection activities, mischaracterized the status of Plaintiff's loan as in default when it fact it was not;

    b. Defendants, in the course of debt collection activities, attempted to collect default-related fees when Plaintiff's loan was not in default; and

    c. Defendants, in the course of debt collection activities, threatened to foreclose on Plaintiff's home despite having no legal basis to do so.

76. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant from Defendant.

///

////

////

////

////

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## THIRD CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT

## COLLECTION PRACTICES' ACT

### (California Civil Code Section 1788 et. seq)

### (AS TO ALL DEFENDANTS)

77. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

78. California Civil Code section 1788.17 prohibits a debt collector from engaging in false, abusive, or deceptive business practices in connection with the collection of a consumer debt.

79. Beginning on or about February 1, 2015, and continuing to the present, Defendants have engaged in the following conduct in violation of California Civil Code section 1788.17:

   a. Defendants, in the course of debt collection activities, mischaracterized the status of Plaintiff's loan as in default when it fact it was not;

   b. Defendants, in the course of debt collection activities, attempted to collect default-related fees when Plaintiff's loan was not in default; and

   c. Defendants, in the course of debt collection activities, threatened to foreclose on Plaintiff's home despite having no legal basis to do so;

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

80. As a result of Defendants' knowing or willful violations of the RFDCPA, Plaintiff is entitled to any actual damages; statutory damages for a knowing or willful violation in the amount up to $1,000.00; and reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF THE TRUTH IN LENDING ACT ("TILA") 12 C.F.R. 1026.36(c)(1)(i)

### (AS TO ALL DEFENDANTS)

81. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

82. Since March 1, 2015 to the present, Defendant M&T failed to properly apply Plaintiff's payments under the Modification Agreement to his loan, resulting in default-related fees and M&T reporting negative credit information on Plaintiff's credit file with the three credit reporting agencies.

83. Each of Plaintiff's payments qualified as periodic payments since each one was sufficient to cover the principal, interest, and escrow for each given billing cycle.

84. Defendants' misconduct in this case, along with the numerous complaints filed with the Consumer Financial Protection Bureau regarding Defendants' failure to appropriately credit borrower's accounts with their monthly payments, demonstrates a pattern and practice of non-compliance with Regulation Z such as to justify an award of $4,000 in statutory damages per violation. <u>See</u>

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF 12 C.F.R. § 1024.35 [RESPA]

## (AS TO ALL DEFENDANTS)

85. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

86. 12 C.F.R. Section 1024.35 prescribes that a mortgage servicer has five days (excluding legal public holidays, Saturdays, and Sundays) to acknowledge Plaintiff's NOEs, in writing, and within thirty days (excluding legal public holidays, Saturdays, and Sundays) to investigate the errors asserted, correct the errors, and provide Plaintiff with a written response detailing the results of its investigation.

87. Defendants violated 12 C.F.R. Section 1024.35 in the following ways:

   a. By failing to timely acknowledge receipt of Plaintiff's July 31, 2015 NOE and correct the asserted errors within thirty-days;

   b. By failing to conduct a reasonable investigation into the errors Plaintiff asserted.  Had Defendants done so, they would have corrected the errors by removing the default-related fees assessed to the Loan after the permanent modification took effect and not treat the loan as being in default.

88. Additionally, M&T violated 12 C.F.R. Section 1024.35 by:

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

21

a. By failing to timely acknowledge receipt and respond to Plaintiff's August 26, 2015 NOE and correct the asserted errors within thirty-days;

b. By failing to conduct a reasonable investigation into the errors Plaintiff asserted. Had M&T done so, it would have corrected the errors on Plaintiff's credit report, which reflected that the Loan was in default when in fact, it was not.

89. Defendants misconduct in this case, along with the numerous complaints filed with the Consumer Financial Protection Bureau regarding Defendants' failure to acknowledge, investigate, and correct errors asserted by other borrowers demonstrates a pattern and practice of non-compliance with the requirements of 12 U.S.C. §2605(f)(1) such as to justify an award of $2,000 in statutory damages per violation. See https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp.

## FIFTH CAUSE OF ACTION

## DEMAND FOR ACCOUNTING

## (AGAINST ALL DEFENDANTS)

90. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein. The elements for a claim for accounting are: (i) a fiduciary relationship or other circumstances appropriate to the remedy, and (ii) a

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

balance due from Defendants to Plaintiff that can only be ascertained by an accounting.

91. Defendants have held themselves out to be Plaintiff's creditors and mortgage servicers. As a result of this purported relationship with Plaintiff, Defendants have a duty to Plaintiff to properly account for payments made by Plaintiff. Moreover, a fiduciary relationship between the parties is not required to state a claim for accounting. All that is required is that some relationship exists that requires an accounting.

92. The mortgage contract between Defendants and Plaintiff allows Defendants to pay for default-related services when necessary or appropriate, and to be reimbursed by the borrowers, but it does not authorize Defendants to mark-up the actual cost of those services to make a profit, nor does it allow Defendants to incur unnecessary fees if Plaintiff is not actually in default.

93. Since the permanent modification went into effect on February 1, 2015, Plaintiff has timely paid on his loan. As such, any default-related service fees incurred by Defendants were unnecessary and not sanctioned by the Modification Agreement.

94. Any claimed arrearages were a result of these improper fees.

95. It would be inequitable and unconscionable for Defendants to benefit from these illegal fees.

96. The actual amount of the arrearages on Plaintiff's loan and the actual amount of

money due from Defendants to Plaintiff, and vice versa, is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the these transactions.

## **PRAYER**

**WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:**

1. For damages sustained by Plaintiff due to Defendants' wrongful acts in excess of the jurisdictional limits in an amount to be proven at trial;

2. For enforcement of the terms of the Loan Modification;

3. For disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

4. For interest on the sum at the rate of 10% per annum;

5. For all relief granted under California Civil Code §2924.12(b);

6. For reasonable attorney's fees and costs of suit, as allowed by both state and federal law, and all other relief granted under Civil Code §2924.12(i);

7. For recovery of statutory damages under TILA of $4,000.00 per violation of TILA;

8. For recovery of statutory damages under RESPA of $2,000.00 per violation of RESPA;

9. For such other and further relief as this Court deems just and appropriate.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and does hereby demand, a trial by jury.

Dated:          November 25, 2015

MANNING LAW OFFICE
A PROFESSIONAL CORPORATION

By: _____
Joseph R. Manning, Jr., Esq.
Michael Manning, Esq.
Phillip B. Nghiem, Esq.

JOSEPH R. MANNING, JR., ESQ.
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

25